Thank you, Your Honor. Good morning, Justice O'Scanlan, Justice Berzon, Justice England. My name is Randall Jones, and I represent four homeowners who made a claim in the State Court of the State of Nevada, which was removed under CAFA, to the federal court, as well as three interveners who have joined this appeal after the dismissal of the case. First of all, I would like, with the Court's permission, to reserve five minutes for rebuttal at the end of my argument. You certainly may do so, Counsel. Just watch the clock. I will. Thank you, Your Honor. And you'll be representing your side for the entire argument? Yes, Your Honor. You're just sharing time. Yes, I will. Very well. I'll be making the entire argument. Very well. Thank you, Counsel. May it please the Court. In Erie v. Tompkins, our Supreme Court famously held that Federal courts must apply substantive State law, and it denounced the habit of learned judges who, in a sense of the quote, unquote, general law, to, quote, brush aside the law of a State in conflict of their views, end quote. The district court fell victim to the very habit that Erie intended to break in this case when the district court brushed aside the Nevada law for its own general sense of the law, resulting in three reversible errors. And in particular, dismissal with prejudice, I take it. In particular, Your Honor. That is correct. Now, Counsel, before you get to that issue, what about jurisdiction? Do we have jurisdiction here? Your Honor, it is our position that you do have jurisdiction under several Ninth Circuit cases, starting, I guess, the first one I would refer to is the Corson case, assuming I'm pronouncing that correctly, where this Court has held previously that a dismissal with prejudice, even a voluntary dismissal with prejudice, gives rise to jurisdiction for an appellant. In the subsequent case of Concha v. London, the Ninth Circuit said in 1965, it clarified, in fact, that a voluntary dismissal with prejudice permits the appellate court to review the action that caused plaintiff to dismiss the case. In Concha, this Court reiterated, quote, the basic principle we follow is that the plaintiff may appeal a voluntary dismissal only when it is prejudiced on his rights to commence another action for the same cause or otherwise subject him to procedural issues. And here I gather that one of the things you're complaining about is that the dismissal was with prejudice, because your claim was that it shouldn't have been with prejudice. You originally tried to dismiss it without prejudice. In fact, Justice Breyer, that is probably the fundamental error that we see in this particular case. Okay. So assuming that, you didn't really do a – although you invoked eerie, you didn't really do a much of an eerie analysis as such, and I'm wondering why this with prejudice, without prejudice question just isn't a – I mean, I have a second set of concerns, which are propositions, but at least why that – how is that substantive? That, I guess, is what I'm asking you. I mean, it seems to me that's a classic procedural question, isn't it? Whether something is dismissed with or without prejudice. I understand it has substantive results, but that's true of many procedural questions. Well, and I guess it – we would fall back upon the holdings in Corson and Concha that essentially, at least as we understand those cases, say that when you have a dismissal that affects – I'm not talking about the jurisdictional question. I'm assuming that you have jurisdiction. Okay. Assuming that you have jurisdiction, I'm going back to where you started from, which is you began by invoking eerie and saying that by dismissing it with prejudice he was not following the Nevada law, and I'm asking how – and I was observing that your brief, although it mentioned eerie, didn't really do any sort of major eerie analysis as to how – why it is that that question is one that is governed by State rather than Federal law. I think I understand your question better now. And I presume it goes without saying that even though Judge Jones felt that Federal law applied in this case, that CAFA, that the Class Action Fairness Act is – specifically comes under 28 U.S.C. 1332, which makes this a diversity action. So having said that, the substantive law that we are relying upon, that we believe was infringed upon here, is the Chapter 40 statute, which has been interpreted by the Nevada Supreme Court in at least two cases. Gonski – the Gonski case, which we cited, which is a Nevada Supreme Court case. And then in a subsequent case called D.R. Horton v. Green that can be found at 96 Pacific 3rd at 1164. Counsel, is that case in any of the briefs? Justice O'Scanlan, I don't recall if off the top of my head, if D.R. Horton was specifically referred to. Well, if you're citing a case that hasn't been briefed or hasn't been referred to in a brief, our rules are that you have to provide the details of that citation to your opposing counsel and three copies to the bench. You can get the forms from the deputy clerk at the end of this argument. Understood, Your Honor. And to the extent, again, with respect to all the briefs, I don't specifically recall. I know I specifically remember looking at the Gonski case, which we did cite, which certainly we believe interprets Chapter 40 as saying it applies to – in fact, I would go so far as to say. Following up on Judge Berzon's point, which was probably central to this whole argument is, why shouldn't Rule 41a of the Federal rules apply rather than Chapter 40? What is your analysis of that? With respect to the dismissal itself? Yes. Which rule to follow? Whether you follow the Federal rule, which is a procedural rule, which presumably you would under these circumstances, unless somehow or other the Nevada statute trumps it as a procedural – as a substantive rule? Well, I would respond in two ways. One is that Chapter 40 itself makes it a substantive rule, and it does so by essentially saying in, I believe it's Nevada Revised Statute 40.635, that it applies to all residential construction defect claims. That statute was invoked essentially in the original complaint that was filed in State court that was specifically referred to in our motion for remand when we sought to remand under Chapter 40, under the NRS, where we informed the Court, if I can find a quote, I don't know if I can find that or not. The quote is at the further excerpts of the record at 266, lines 12 through 21. Quote, "'Because of the eminent and imminent role of Chapter 40 to the present litigation, plaintiffs respectfully urge this Court to grant remand under a CAFA's home State exception,' end quote. This is a little to the side of where you're going right now, and I hope you should go back to this eerie related question. But one thing that overall mystified me in not understanding how the Nevada statute works is, it's my understanding that what the Chapter 40 notices that were filed here were filed against the homeowner, homebuilders, right? Not any defendants in this case. That's correct, Your Honor. Any current defendants in this case. That's correct, Your Honor. So how – and yet Judge Jones thought, and he may have been right, and that's what I'm trying to understand, that the defendants in this case, who are the subcontractors, were then essentially subject to the pre-litigation proceedings of Chapter 40. And I'm not understanding why that is, and maybe it's because I don't understand the statute. I understand that you think he made lots of other mistakes, but as to this, there are a number of things that I don't understand. And that's what I'm trying to understand. And, well, let me start by referring to the particular statute which I believe is at issue in response to your question, which would be NRS 40.645. 40.645 provides the procedure essentially under which a homeowner exercises or starts the process to invoke their Chapter 40 rights. And what that provides is that essentially a contractor – and then there's a definition under the statute of what a – of who a contractor is, and it specifically takes out of that definition subcontractors, suppliers, and design professionals. And it says specifically that a contractor must receive notice from a homeowner prior to initiation of any litigation. And it goes on to say in the next subsection that a subcontractor may receive notice. Kagan. I understood that much. But nonetheless, it appears that somehow the subcontractors get involved in that pre-litigation proceedings. Is that right or not right? What ended up happening, Justice Berzon, is – which, by the way, is typical of this process. We were – we just concluded another Chapter 40 class action that involved a very similar plumbing product through the state court system, through one of the – what we refer to there affectionately as the dirt court judges. And a virtually identical process was followed without any concern by the state court judge, who is very familiar with Chapter 40, where we sued the manufacturer and subcontractors to get – because, again, it starts the statute of limitations tolling, while we simultaneously pursued the Chapter 40 process through the general contractor and the builder. The general contractor and the builder then may, on their own, give their own notice to the subcontractors. What happened in this case – That's another subsection of the statute? That is. In fact, it's specifically, I believe, contained in that subsection, in Chapter 40.645, I believe. And it – I believe that's correct. But in any event, it is another subsection of the Chapter 40. Having said that, what happened in this case, which we believe caused the error by the district court, is we gave notice to a builder who was involved with the same contractors, subcontractors, while we were pursuing this. Judge Jones was made aware of this process early on. What ended up happening is contrary, directly contrary, to Chapter 40. The subcontractors asked Judge Jones to enjoin the Chapter 40 process. That is completely backwards of the process. Their argument was, essentially, that, well, we're having to deal with Chapter 40 as well as this litigation. We'd like to stop the Chapter 40 process while we go forward. But you hadn't brought them into the Chapter 40 process. That's the part I'm not understanding. I'm sorry. Say that again. You had not, in fact, brought them into the Chapter 40 process. We had not brought the subcontractors in. We were, in fact, giving Chapter 40 notice to the developer. And so you understand the way the process, we believe, certainly works, and it's always worked before, this situation with Judge Jones, is once we've completed the Chapter 40 process, had the builder not resolved the case with us in the pre-litigation Chapter 40 process, we would have then sued them, which we would have had a right to do, and brought them in by amendment, which is exactly what we did in this other class action I was referring to that was called in re kitec, and joined the general contractor to the litigation that was already pinning in front of Judge Jones. So the idea, which, again, had been performed many, many times in other cases in State court, we sued those parties that we did not have to give Chapter 40 notice to, and we went out and gave Chapter 40 notice to those parties we didn't have to give Chapter 40 notice to. Counsel, I want to come back to the eerie question. What is it, what remedy are you seeking from this Court at this point? Your Honor, what we are seeking is a reversal of Judge Jones's decision with respect to the with prejudice dismissal, because we believe under Chapter 40 that is absolutely impermissible. There are two options under Chapter 40. Under NRS. Let's go to the specific language. That's 640.647. 7.2. 7 subsection 2. That's correct. And under subsection 1 of 6472, the case may be dismissed without prejudice. Under subsection 2, the Court can stay the proceedings to allow the Chapter 40 process to be completed. So in any event, the Court does not have the discretion. And the Nevada Supreme Court has said in Gonski that these are unwaivable provisions. This law, and it specifically referenced Chapter 40, which says this law supersedes any other conflicting laws in the State of Nevada having to do with the same type of rights. All right. So what you're saying is that instead of following 647. 647. 647.2a, which apparently he did in dismissing with prejudice, he should have followed 2b? Is that the gist of your argument? In essence, yes, Your Honor. At the most, what he should have done is dismissed it without prejudice or, since we were moving to voluntarily dismiss it, since he had already made the decision. The decision had been made in this motion to enjoin the Chapter 40 process brought by some of these Respondents, and he had said categorically, I am finding, and I'm doing it today, sua sponte, that those people who have invoked their Chapter 40 rights have opted out of this class action. And at that point, our clients ---- Are you looking for ---- there's a whole lot more in your brief, though, than this question. So are you also looking for a review of the underlying determination that there is a split cause of action here and that you have to make an election and so on, and also on the notion that you were ---- that you could bind the non-represented members of the class, and also there's this intervention question? I mean, and I guess my bottom line issue is if we were to agree that we had jurisdiction and reverse the with prejudice to without prejudice, is that it? Are we done? Or is there more that you're asking us to do? The other thing that we're asking, Justice Berzon, is that ---- Judge, by the way. It's not justice. I'm sorry. Okay. We had a venerable now-departed judge in this Court, Judge Ely, who reminded counsel that there is no justice in the Ninth Circuit. Judge is fine. Only another judge could say that, Your Honor. All right. In any event, we are also asking, Judge Berzon, that the Attorney's Fees Award be reversed and vacated because we believe ---- and I know I say I'm running out of my reserve time, but we believe that whether it be under Rule 41 or Rule 54, because this is a ---- But that's all. You're not ---- if we agree to that, you're not asking us to get to the underlying merits of anything Judge Jones did. That would be ---- it certainly seemed to me to be unnecessary. If it was dismissed without prejudice, then there would be no issue with the interveners because the interveners would be allowed to go forward with a class action on their own behalf, and so they would not be essentially stigmatized, if you will, by the decision in slaughter, which it appears that Judge Jones believes is essentially stigmatizing any other prospective or putative class members. As indicated most recently, we actually have this ---- the motion to intervene or, excuse me, the motion to take judicial notice of his most recent order, which was not even actually opposed. Counsel, you can reserve the remaining of your time. Thank you very much. We'll hear from the other side. Theodore Parker, I represent United Plumbing, and for today's purposes, I'll be representing all of the appellees in terms of my argument. If it hopefully will please the Court, I would like to start with the jurisdictional question first, if I may. It seems to be the most central of the issues. Collectively, we believe that this may be a premature request, that there is no controversy, that there's no right issue in terms of this case being before this Court. The reason why we believe that is if we were to look at the Gables order, which the appellants argue has a preclusive effect as to any State claims. And they ---- I'm sorry? I'm sorry. You said look at something, but I couldn't hear what you said. The Gables order. Gables, okay. I apologize, Judge, for a time. It's the Gables order. It's the exert to record one, actually. In that ---- Well, counsel, before you get to the Gables order, don't we have to determine whether we have appellate jurisdiction here? And the argument you've heard is that normally we would not if it were simply a dismissal without prejudice. That goes without saying. But in this case, it was a dismissal with prejudice. And under Corson, arguably, we have jurisdiction. What's your response? Well, I believe that you don't have jurisdiction. For the reason that? For the reason that the with prejudice or without prejudice, which I believe Judge Berzon was referring to, is a distinction without a difference. Because plaintiff has already indicated that they're intending to bring State court actions, other named and unnamed parties, by way of another class action. And so with prejudice means four potential homeowners would not have a case. But the class allegations, which were part of the original complaint and remained a part of the complaint even when it was amended the first time and then proposed a second time, contained the class allegations. And plaintiffs placed on the record on more than one occasion on, I believe, January 5th, March 11th, that they intended to refile this case. And the judge understood it and referenced as a part of his decision to dismiss with prejudice this case, the plaintiff's intent to refile. And he said emphatically in his view that they couldn't do that. Well, that's where I was when we first started, Judge Berzon. He did not say emphatically, and I would suggest that in his order, especially his Gables order and the most recent order of October of this year, he has not – he's not – he has not shown tremendous deference to the State court actions while they've been all remanded to the Federal court. None of the State court actions have been enjoined in terms of precluding a class action from going forward or being alleged. So he's shown tremendous deference to the State court actions, and I want to – I thought the State court actions were not class actions as such. They are class action – I'm sorry. I thought they were brought by homeowners associations and so on. One was a homeowner association, but they all included class action allegations. The Walensky case, which is Carina, which has been removed, as well as the Gables case, which is the – But there's still a difference between whether you have to argue about that or whether it's obviously gone because it's without prejudice. And they originally asked for without prejudice, and they got with prejudice. So with prejudice was about something, and there was at least a major argument going on, including in your briefs, where at least some of your colleagues seemed to be arguing emphatically that because the class action allegations remained in the complaint, that the dismissal of those allegations are binding on the class, which seems difficult to think within – because I don't know how they get to bind the class, but at least some of your colleagues seem to be arguing that even now. And I think in retrospect, Judge Berzon, I think that it's clear now, especially based on the clarification and the hearing that dealt with the clarification of his order, that he was believing, in part, to dismiss the certifiability of the class. But on further reading – and this is something I thought was really important last night, and hopefully it's – it seems important today – but the Judge Jones said that the court – a subsequent court – and if you were to look at the Smith v. Baird court, it was a subsequent court. It was the Smith case that brought that case forward. It wasn't the McConnell case or the original case, which was in Federal court. The Smith case was in State court. Are you now representing, on behalf of you and all your colleagues, that you're never going to argue again that the class is bound? I believe that the Judge Jones argued his order. I'm asking whether you are – you're telling me that none of you are taking the position that the class is bound, and you're saying it's fine for them to go refile. What I'm saying is that that decision has not been made, and it's premature. And so, therefore, it makes a difference whether this is with or without prejudice. Because if it's without prejudice, then there's no argument. And if it's with prejudice, there is an argument. Well, that's why, again, I believe that if you argue – if you accept that the decision has not been made, that this issue is not right for this court because of Judge Jones's order saying that a subsequent court may decide the certifiability of the class, and he uses the word may, he does not use a preclusive word like shall not, and that the ability to enjoin has not – has not been triggered yet because not one appellee has filed a motion to enjoin. What about the four – the original name plaintiffs? What is their status? The initial – I believe that when plaintiffs filed this motion under 41A2, and to me that's also an issue, because they're asking for this court to make decisions based on Chapter 40, and in particular 40.647. That gets into the Erie issue. That's right. But the request made to Judge Jones was under 41A2. So what? I mean, isn't – why don't you finish what you're saying. That's fine. Something else. Of course. Plaintiffs had an opportunity on more than one occasion, more than one hearing, and more than one filing with the district court to ask for a dismissal or a stay based on 40.647. But I'm asking you something else. Go right ahead. The plaintiffs are prejudiced by the with versus without prejudice ruling, are they not? The four – The four name plaintiffs. Yes. So the issue is a live issue. So why don't – so why are you trying to evade it? I don't understand that. I'm not – in terms of the four, let's take it from there, Judge Berzon. In terms of the four name plaintiffs, that didn't appear to be the crux of the appellant's arguments before Judge Jones. They voluntarily accepted a dismissal. Now, when it came to with prejudice – Without prejudice, meaning they could go refile it. Exactly. But then the argument, if you looked to the record, the transcript, the argument then became between Judge Jones and Randall Jones whether or not he would accept with prejudice, because that would be a condition under 41A2 of granting his motion. And Judge Jones said, if you're not willing to accept it with prejudice, then I, in this case, would be inclined to deny your request. Are you saying Judge Jones was applying 41A1, maybe, or was he consciously applying 647-2? I believe fully that he was applying 41A2. All right. So now I'm trying to understand why that matters, because the – under the Federal statute, the question of with or without prejudice is, to some degree, is discretionary. Right? But there's also such a thing as an abuse of discretion. Right? That's right. And if the – and this is all being brought under State law. I believe the motion was brought under Federal – the motion was brought under Federal procedure. No, I'm asking if the case is a State law case. We believe – well, we believe it's a CAFA case, but – I'm sorry? We believe it's a CAFA case. It's a CAFA case as a State case. I agree. I agree, Judge Berzon. So – and the State law, as at least the – your opponents are arguing, encompasses Chapter 40, because Chapter 40 applies to every construction defect case. Do you disagree with that? I disagree in this respect. This is what Judge Jones was dealing with. The complaint filed in 2008 does not mention Chapter 40. It does not mention Chapter 40 entitlements or Chapter 40 damages. The first amended complaint doesn't mention Chapter 40, doesn't mention Chapter 40 damages. The requests that were made were made under Federal rules, and it was a products liability case identifying breach of warranty, express, and implied merchantability and negligence. So he was not – So you're saying that those cases do not implicate Chapter 40 and, for example, the pre – the Chapter 40 notice requirements don't apply to such a case? That's – that's exactly where I'm getting, Judge Berzon. Judge Jones was faced with a products liability case. That's what he was faced with, and of the belief that a product – that's why the product manufacturer was brought in as a first name party – was defective. Now, typically, these cases begin with the Chapter 40 process starting and then litigation following. That's – so what I'm concerned about in terms of the way my opponents, the appellants, presented this case is they presented it as a Chapter 40 case, except until it became – until they requested the voluntary dismissal, every request was made under 41A, and the complaint that drove this case was a products liability case. Well, actually, the introduction says that defendant's failure to properly design, develop, test, manufacture, distribute, market, sell, and install, that sounds like everything. It sounds like everything related to a product. I agree. I'm sorry. It sounds like – Including installing it. There's been no claims, and I've not heard of any expert who's said – and I've reviewed even a conditional class certification request made in the State court where it talks about installation. It talks about the fact that the product is in the house. It talks about how the product is made. It talks about the quantity of the alloys versus the – Counsel, aren't you just parsing words here a little bit to a certain extent? And something that's troubling me from both sides is that you've both said the way that it's normally done, and that term, the way it's normally done, is usually a red flag for me because you're getting close to citing in-ray down the hall or in-ray next door the way the other judge does it. This goes on both sides, so I'm somewhat troubled in the way that you're looking at substance over form that this was an installation as opposed to the building of a home or the development of a housing tract. How are you making that little narrow distinction that this is a products case under Federal rules when everything about it says that it's a Chapter 40 case where you're going after a developer or builder that did something or installed something or constructed something improperly? In judging, I appreciate that. The – what I think this Court has to do or what it has done based upon the case law, it reviews this type of decision based on abuse of discretion. So I wanted this Court to put itself in a position of the district court judge who had not been made aware that this was a Chapter 40 case. Number one. But the briefs with regard to the with and without Prentice issue invoked Chapter 40 several times. It does, from the appellant's standpoint. Right. From the appellee's standpoint, it certainly – Well, he was aware. You're saying he wasn't aware. He was aware. Well, he became aware through the oral argument. But if you look at the four corners of the complaint – It was in the briefs. It was in the briefs. Which is all before he actually rendered his judgment. Well, the – no, the voluntary dismissal was requested. The argument regarding Chapter 40's implication came during the hearing. Okay. So at – and – Therefore, what, though? I mean, what's the significance? So at that point, the Court is saying you've asked me to do something in accordance with Federal Rule 41.82, but now you're suggesting that perhaps I should do it in accordance with 40.647. This is what I'd like to know. In exercising discretion under the Federal Rule, obviously the substantive underlying law matters, right?  That's true. Whether you do something with or without prejudice depends on what's going on underneath the case. And if underneath the case what you have is a State rule that says that rule – that Chapter 40 is a predecessor to litigation, but that it does not eliminate the cause of action simply by filing a cause of action. In other words, that it's a prerequisite of an exhaustion kind, but it doesn't mean that the cause of action fails if you file too early, then that's a substantive rule, it seems to me.    doesn't mean that the cause of action fails if you file too early. Without regard to the specific provision, which is exemplified by the – by the specific admonition that it should be without prejudice and or State. So why isn't it an abuse of discretion for him to have issued it with prejudice when it's a matter of substantive State law, leaving aside the exact rule? This is not supposed to blow up your cause of action. And, Judge Berzon, when Judge Jones was confronted with that request and the oral argument, and I want to also touch in responding to you, of course, to Judge England, that installation was not an issue, the subcontractors were not noticed in the Chapter 40 process. We were just litigants getting ready for trial within six months. So – Kagan. Well, if that's true, then what was all the set of motions to say that they can only do one or the other? I mean, if you have different defendants – this is why I was really mystified in reading the briefs. I mean, what is wrong with suing one set of defendants in one case and another set of defendants in a different case, even if it was a different case? And that, Judge Berzon, that's the issue. And I think Judge Jones said we have a pending trial date within six months. We've not had a class certification hearing come before us. And right now, plaintiffs are asking to voluntarily withdraw. Now, the issue at that point – After he took the position that you couldn't do both. That's right. And that's where I'm going here, going, Judge Berzon. The reason why he took the position you could not do both is because he was balancing – and he said equitably, you stop. He used equitable considerations in making this determination. He said, right now, I can either dismiss it with prejudice and – and let me back up one second more. The decision by the judge was made on the request of one of the appellees to enjoin the Chapter 40 process. And so the judge says – Against some different defendants. Against – unfortunately, we'd already received from those different potential defendants, the builders, our Chapter 40 notices as well. So what that would require to us from a – from a procedural standpoint, we would be preparing for trial for the four plaintiffs we were aware of. We'd be preparing and completing the class certification discovery and also doing the Chapter 40 inspections and – and potentially discovery on a host of unnamed putative class members. The judge didn't believe that would be correct because potentially we would have unnamed putative class members coming into this either during trial, right before trial, and there was no way to manage all of those. So the judge gave Mr. Maddox at the time – not Mr. Jones, but Mr. Maddox. I think Mr. Jones and I were in trial at the time – gave Mr. Maddox the opportunity to decide. If you allow these Chapter 40 process unnamed putative class members to go forward in terms of the Chapter 40 process, they have effectively opted out of this class because the four people that are supposed to be representative of your class have not utilized Chapter 40. Are you saying that the district court could not have managed the case with the – the class members if they had two separate actions pending?  The district court cannot manage their trials. I'm not saying that. I'm saying that Judge Jones said that. And the parties, because there could be two separate actions, one under CAFA and one under Section 40? Under Chapter 40, of course, Judge Englund. He – he understood and appreciated the difficulty we would be placed in as well as the difficulty the court would be placed in trying to manage what potentially would be – if we use the class members doing Chapter 40 notices for a host of developers and then our own clients. But this was all at a time when the class hadn't been certified and the – and the lawyers didn't even represent them. Well, that's – that's an interesting comment – interesting statement, Judge Berzon. In fact, Mr. Maddox represented on the record that he had the authority. He did, but what his authority was, I don't know. He said he had the authority. I don't know if he had the actual authority. He represented to Judge Jones. And that's what Judge Jones was confronted with. He was confronted with defendants in one action, with four named parties alleging the representative capacity for 140,000 putative class – unnamed putative class members, all the while having to balance, potentially, the Chapter 40 process. So what he did, he said – Why does he dismiss with prejudice? And specifically, I'd like you to tell me, what is it in 41A2 that allows him to do it with prejudice? And the last sentence is, unless the order states otherwise, a dismissal is without prejudice. And presumably, to establish prejudice, it would have to come within some established concept. And I don't get it. I don't see it. Where is it? That's a very interesting question, Judge O'Scallion. Well, I think it's the central question. It is. And that one has plagued me for the last three weeks. The reason why is because, of course, the Ninth Circuit has not accepted or adopted exceptional circumstances, number one. Number two, the concept of plain legal prejudice is not fully vetted. And so, in looking at that issue, under 41A2, you have two requisites to doing it with prejudice. There has to be an order, of course, and then there has to be terms and conditions that the court allows for the voluntary dismissal. And when prejudice – he did this, he said, and it's in the May – I'm sorry, the May 10th hearing, the transcripts, and the January 5th transcripts, exceptional records. Judge Jones said that, first, there is a significant amount of discovery here that will never be able to be used. Mr. Jones admitted in that hearing that a significant part of the work that – Well, it only won't be able to be used if there's not going to be a class action, and you previously just told us that there may well be a class action. Only to the extent that we had four homes that they were asking to be dismissed be dismissed, that we would never be able to use all of the work in terms of the fittings that have been taken out of their homes and inspected. There's many trips to seal laboratories in Southern California to analyze the alloys, the nine out-of-State depositions, the multitude of depositions in-State for those four homeowners. That would never be able to be used. And so he looked at that, and then he looked at plaintiff's own admission. I'm having trouble understanding that. The case is dismissed without prejudice. It may be refiled, and then you can use it. Well, unfortunately not. And even like I said, Mr. Jones, not just Judge Jones, but Mr. Jones admitted, and it's in the record. I believe it's page 180 of the May 10th transcript. He admits that all the work the defendants did in this case won't be useful for his subsequent action. And then Judge Jones said, what's even more troubling is not only have you already told me that after this is dismissed, you're bringing another class action. You're saying it's going to be a broader class action than originally envisioned. So he saw the prejudice and actually used that word in describing what the defendants had gone through. I understand you're out of time, but there's one question. Neither of you have addressed the intervener question yet. And why you take the position, or some one of you took the position, or maybe all of you, that, in fact, these plaintiffs, the named plaintiffs, don't have standing to complain about the — The denial of the intervention? I'm asking about the denial of intervention in light of the position that the named plaintiffs can't litigate the question of the aspects of the order that at least the plaintiffs have purported on their face to say you cannot file a class action for the unnamed plaintiffs anymore, that the unnamed plaintiffs are not going to be able to proceed by class action. Now, you say maybe that's not true. But he did say it. He said it in an order, right? He said it in a hearing, but in his order — I thought it was in an actual order. In his order, which I brought with me, and again, it's to the record, he uses the   If the plaintiff, in another case, attempts to file class allegations or certify a class, this Court may enjoin such an action based on the dismissal order. And unless and until this occurs, this Court's judgments are not threatened. So he did not determine conclusively — So the word with prejudice doesn't mean anything? Is that the bottom line? And that's where we started. We've come full circle. That's what I've said. I've said we've all agreed that this is premature, where we are. And this Court should not give an advisory opinion. And I know the Court's loath to do so. We've also indicated, and this is something where I believe the Court — Counsel, your time has expired. But one quick question with respect to attorney's fees. What's your theory upon which attorney's fees can be granted in this case? Well, if the Ninth Circuit had adopted the exceptional circumstances or chooses to adopt it at this point, I believe we've met that, given what the Court Exceptional circumstances? Yes. All right. There's no shifting statute that's at play? No. I respectfully agree that if you were to look at this under Nevada law, there is no statute, there is no offer of judgment, and there is no case law that would support it. All right. Very well. Thank you, Counsel.  Thank you. Your time has expired. We'll hear from Mr. Jones. Thank you, Your Honor. I would start out by saying I respectfully disagree with some of the comments of Counsel with respect to the record, and I believe that what was said at these different hearings is contained in the record, and that hopefully will speak for itself with respect to whether what I said or what Judge Jones said. But I guess fundamentally I would get back to questions, some of the questions that Judge Rezan was asking about, and I think even you, Judge O'Scanlan, about what are the substantive rights here. And I think I have to go back to what I said earlier. The fact is that the substantive rights of these homeowners are contained in Chapter 40 specifically, and the Supreme Court of Nevada has said so. But if you think about it, when the Court or, excuse me, the statute itself says under 647, subsection 2, it says you will have your case if you bring it prematurely, which, by the way, we don't believe we did. We believe we complied with 645 by only giving notice to the contractor. We didn't have to give, and it's clear under the statute. We don't have to give notice to these particular Respondents. But if we did do it prematurely, it has to be a substantive right when the Court says your case is going to be dismissed or going to be stayed. Your rights to proceed with litigation are fundamentally affected by this particular statute, and it says if you do this improperly, which we, again, don't believe we did, you have – there's two alternatives the Court can take. It can stop your case for – to allow you to comply with this statute, or we're going to dismiss it without prejudice. That is a substantive right. Without prejudice. Without prejudice. So – and – but, I mean, more fundamentally, and, by the way, we never said we were going to expand the case. The case, just so you all are clear, the slaughter case was intended to be the class action for all affected homeowners in the Las Vegas area that we believe were subject to this, and I also agree with Judge England. This is not parsing words. The statute itself, 40.635, says it affects all construction – residential construction defect cases. Installation – this is a component part of the plumbing system. One of the most fundamental – And also, I mean, doesn't the chapter have a lot of other provisions having to do with the amount of damages and limitations of recovery and so on? So if Chapter 40 didn't apply, the limitations wouldn't apply, for example. That's absolutely true, Your Honor. In fact, that's a major – in fact, candidly, we believe that's why the defendants or the Respondents didn't want Chapter 40 to apply. It gives a homeowner substantive rights they otherwise cannot get without Chapter 40. And so you're – Counsel, if you don't mind, but your time is running out, would you please respond to Mr. Parker's Rule 41a2 argument? Well, certainly. With respect to Rule 41a, again, we don't believe that it applies in – well, let me rephrase that. Well, I know what you believe, but I would like to have some, hopefully, analytical response to why it should or should not apply. Let me make sure that I try to get this correct, do this correctly, so I grab my cheat sheet, if you don't mind. Sure. 41 point – excuse me, 41a2 only allows the – at least as we understand tonight, circuit law, only allows the awarding of an attorney's fees if the dismissal is conditioned upon the award of the attorney's fees, which clearly was not the case here. Where does it say that in 41a2? Well, I think it actually – it says – It says, An action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper. And then it talks about counterclaims. And then it says, Unless the order states otherwise, a dismissal is without prejudice. And I believe the answer – I hope the answer to your question is Chavez and Burnett, both Ninth Circuit cases, that have recognized that fees and costs are not appropriate toward a with prejudice dismissal because the defendant suffers no legal remedy. I don't think Judge O'Scannell is asking about the fees. No, I'm not talking about the fees. I'm talking about the applicability of Rule 41.  I'm asking about the applicability of Rule 41. The theory of his argument is that this was a Rule 41 case all along, that Judge Jones applied 41a2 in what he did, and therefore the term without prejudice really doesn't mean anything. Now, I'd like you to kind of respond directly to that argument. I would respond this way, that the whole issue here, and it goes back to Federal v. State law, and the Ninth Circuit has clearly held that where you're talking about substantive rights, substantive State rights, that you – and this is a diversity case, that you have to apply State law. So the dismissal would be based upon – has to be based upon, in our view, 41.647. Excuse me. But you presumably wouldn't care if the way we looked at it is that this is a 41a2 dismissal, but it's one that is an abuse of discretion because it doesn't take account of the underlying policies of the State law that are being applied. You know, and I would candidly leave that to the discretion of the Ninth Circuit. Having said that, I think the more appropriate way to proceed with this is that it is an abuse of discretion because it doesn't take account of the underlying policies of the State law, and that the dismissal would be based upon, in our view, 41.647. And Thank you. Thank you. Thank you.
judges: England, O'scannlain, Berzon